Filed 9/14/20  P. v. Lozano CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b) . This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF

## CALIFORNIA SECOND APPELLATE DISTRICT DIVISION

## FIVE

| | |
|---|---|
| THE PEOPLE, | B302386 |
| Plaintiff and Respondent, | (L.A. Sup. Court No. BA477259) |
| v. | |
| ERNIE LOZANO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William N. Sterling, Judge. Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Ernie Lozano (defendant) pled no contest on August 29, 2019, to committing a first degree burglary (no person present) in violation of Penal Code section 459. According to testimony at the preliminary hearing, the victim hired defendant to do flooring renovations at the victim's home, and defendant used a home entry access code to gain entry and take $1,000 in cash when the victim was not at home.

Defendant entered his no contest plea pursuant to an agreement with the People. Under that agreement, defendant would serve 18 years in prison: eight years on the burglary charge (four years, doubled pursuant to the Three Strikes law for a 2014 witness intimidation by force conviction) and ten years for sustaining two prior serious felony convictions (Pen. Code, § 667, subd. (a)(1)). The People agreed not to seek a Three Strikes law indeterminate sentence for a second qualifying conviction under the Three Strikes law (a 2014 robbery conviction). The trial court imposed the 18-year sentence called for by the agreement.

Defendant filed a notice of appeal in the trial court after his conviction and sentence. The notice asked the trial court to grant a certificate of probable cause so that he could have his "two 5 year nick[el] prior enhancements stricken or dismissed based on Senate Bill 1393," a statute that took effect on January 1, 2019. The trial court denied the request for a certificate of probable cause.

We appointed counsel to represent defendant on appeal. After examining the record, counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 that raises no issues. On May 8, 2020, this court advised defendant he had 30 days to personally submit any contentions or issues he wished us to consider. We received no response.

2

We have examined the record and are satisfied defendant's attorney has complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-82; *People v. Kelly* (2006) 40 Cal.4th 106, 122-24; *Wende*, 25 Cal.3d at 441.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

MOOR, J.

KIM, J.

3